## M. E. EDGAR ET AL. V. STATE OF TEXAS.

### Decided April 23, 1907.

**1.—Liquor Dealer's Bond—Condition.**

In a suit upon a liquor dealer's bond for a local option district, the condition in the bond being that the principal "shall not sell in any quantity except on the prescription of a regular practicing physician, etc.," an exception to the petition on the ground that the bond was not conditioned as required by law, because it did not specify what it was that the principal was not to sell, was without merit.

**2.—Same—Local Option District—Sale by Employee.**

Under the provisions of the statute and the bond to be given by a seller of intoxicating liquor upon prescription in a local option district the principal is liable for illegal sales made, not only by himself, but by his agents and employees also.

**3.—Same—Affidavit of Sales—Evidence.**

The affidavit required by the statute of the manager of a prescription house in a local option district as to the sales of intoxicating liquors, in connection with the cancelled prescriptions, was competent evidence and sufficient to show prima facie that the sales called for in the prescriptions were in fact made.

**4.—Condition of Bond—Same Prescription.**

It is a violation of a liquor dealer's bond in a local option district to sell upon a prescription which bore the same number as another prescription given by the same physician and dated during the same year, whether such prescription was given to the same or to a different person.

**5.—Local Option—Constitutionality.**

The Act of the Legislature regulating sales of intoxicating liquors in local option districts, is constitutional.

Appeal from the District Court of Smith County. Tried below before the Hon. R. W. Simpson.

*Johnson & Edwards*, for appellant.—The law providing the bond for liquor dealers in local option districts does not authorize the sale of whiskey in such districts by any other person than the principal obligor in the bond; it requires that such bond be conditioned that the principal therein will not sell intoxicating liquors except upon prescriptions, and not that such bond be so conditioned as to cover sales made by any other person for the principal. Acts 1897, p. 225; Sayles' Civ. Stat., art. 5060j.

The law providing the bond for liquor dealers generally (not in local option districts) requires that such bond be conditioned that the liquor dealer "or his or their agent or employe will not sell nor permit to be sold in his or their house or place of business, nor give nor permit to be given" intoxicating liquors to certain classes of persons. Acts 1893, p. 179; Sayles' Civ. Stats., art. 5060g.

The bond sued on is penal in character, and must be strictly construed; it cannot be held to embrace any other act of the principal than those acts which are clearly and plainly within its terms. State v. Vinson, 23 S. W. Rep., 807; Gulf, C. & S. F. Ry. Co.

v. Dwyer, 84 Texas, 195; Schloss v. A. T. & S. F. Ry. Co., 85 Texas, 603-604.

A general liquor dealers' bond is held to cover sales made by his clerk or agent, because one of the terms of the bond is that he "will not permit to be sold," etc. and this condition of the bond is held to create the element of agency. Maier v. State, 21 S. W. Rep., 974.

In the prosecution against a liquor dealer under the "Bell Punch Law" for failure to register the drink sold, it was held that a sale by the agent of the dealer, and his failure to register it, made in the absence of his principal, the proof not showing the dealer's complicity in the agent's failure to register the drink, would not authorize a conviction. Gaiocchio v. State, 9 Texas Crim. Apps., 387; Wadsworth v. State, 34 S. W. Rep., 934; Freedman v. State, 38 S. W. Rep., 993.

*Hanson & Robertson,* for appellee.

REESE, Associate Justice.—This is a suit by the State of Texas against the principal and sureties on a liquor dealer's bond in a local option district to recover penalties for sales of liquor in violation of the provisions of the bond. The bond was given under the provisions of article 5060j as enacted in chapter 158, Acts 25th Legislature, and the sales are alleged to have been made by M. E. Edgar, the principal in the bond, "his agents, employees and persons in charge of said prescription house" upon prescriptions which were not in compliance with the provisions of law.

Defendants answered by general demurrer and special exceptions, the nature of which will appear from this opinion, and by general denial.

Upon trial with a jury there was a verdict for plaintiff for $2,500, being penalties of $250 each in ten different sales. From the judgment defendants appeal.

In the first assignment of error appellants complain of the action of the court in overruling their special exceptions to the petition on the ground that the bond was not conditioned as required by law. That portion of the bond which is material to this assignment is as follows:

"Whereas M. E. Edgar desires to engage in the sale of spirituous, vinous and malt liquors and medicated bitters capable of producing intoxication in Tyler, Smith County, State of Texas, a local option county, and has made the application and paid the taxes required by law, therefore: Know all men by these presents that we, M. E. Edgar, as principal, and H. P. Faulkenhagen, Lee Weaver and G. R. Kenedy, as sureties, are held and firmly bound unto the State of Texas, in the sum of twenty-five hundred dollars, for the payment of which we bind ourselves, our heirs and legal representatives jointly and severally. Conditioned, that the said M. E. Edgar shall not sell in any quantity except on the prescription of a regular practicing physician, etc." The objection is that the condition of the bond does not specify what it is that Edgar

is not to sell. The first part of the bond shows clearly its purpose and shows that the sales referred to in the condition of the bond are sales of intoxicating liquors. (Art. 5060j, Rev. Stats.) The assignment is overruled.

The second, third and fourth assignments of error present the objection that a person engaged in the sale of intoxicating liquor in a local option district under the terms of the statute cannot be made liable to the penalties prescribed for sales not in conformity to its provisions, made by his agents or employees, but is liable only when such sales are made by himself in person. All of the sales in the present case are charged and proven to have been made by Edgar's agents and employees, he himself not being, at the time of such sale, in the county where they were made. If appellants' contention as set out in these assignments is sound neither the pleadings nor proof present any basis for recovery.

The provisions of the statute requiring a bond of persons who desire to sell intoxicating liquors in a local option district under the restrictions of the statute, are of the same general character as those with regard to the sale of liquor generally. The present statute on the subject was passed in 1897 as part of an act amending previous legislation with regard to the tax to be paid by such general liquor dealers, and adding to the previous law the section providing for sales on prescription in a local option district, and prescribing the bond to be given by such persons. (Chapter 158 Acts 25th Legislature, p. 223.)

Appellants' contention is that by making the provisions of the bond required of liquor dealers generally applicable to such sales by the dealer himself or his agents or employees, and also to such sales as he permits to be made, and omitting in the condition of bonds required of sellers upon prescriptions in a local option district the provisions as to permitting such sales, and as to sales made by agents and employees of the dealer, it was the intention of the legislature that such dealer should only be liable for the penalties prescribed in the bond for such illegal sales as are made by him personally, the subject matter of the two acts being so similar that they must be considered as in *pari materia.* It cannot be denied that there is some force in the contention, but we are of the opinion that a proper consideration of the acts in question leads to a different conclusion.

The act of 1887 (Art. 3380, Rev. Stats.) prescribing the terms of the bond to be given by liquor dealers generally, provided that such bonds should be conditioned that such dealers would "not sell or permit to be sold, etc." In the case of Maier v. The State (21 S. W. Rep., 974), which was a suit on a liquor dealer's bond for sales to a minor made by the agent or employee of the principal in the bond, it was held by this court that such sales were a breach of the bond.

It is true that the opinion seems to be based to some extent upon the terms "or permit to be sold" and there are expressions in the opinion from which it might be inferred that without these words the dealer would not be liable on the bond for sales made by an

agent, but a careful study of the opinion and of the authorities cited in support of it leads to the conclusion that the decision rests upon the broader proposition that the acts of the agent must be considered as acts of the principal, for which he must be held liable upon the bond. The court quotes with approval from Am. & Eng. Ency. of Law, (Vol. 2, p. 718) the rule that "a sale of liquor to a minor by an agent, clerk, or bartender of the owner of a saloon or drug store is a sale by the owner for which he is liable when it is made in the regular course of the master's business, although the sale was made without his knowledge, and in violation of his *bona fide* instructions to such agent or clerk or bartender," and refers to the case of State v. Kittelle (15 S. E. Rep., 103) in which it is said that "the law looks to the responsible party, the licensee, who has been permitted to carry on the calling, and who is responsible for its proper exercise." We are inclined to think that this was the intention of the act of 1887 without resort to the words "or permit to be sold," and that by these words it was intended to extend the liability of the dealer, beyond illegal sales made either by himself or his agents, to such sales as were made with his permission by persons not occupying that relation to him.

After this decision was made construing the act as applying to sales made by an agent or employee, the law was amended (Chapter 121, Acts 23rd Legislature, p. 177) so as to provide as a condition of a liquor dealer's bond that he "or his agent or employee will not sell or permit to be sold." Certainly upon any view that may be taken of the decision in Maier v. The State, *supra*, the addition of the words "or his agent or employee" was unnecessary to render the dealer liable on his bond for such sales, and the Legislature cannot be understood as intending thereby to extend the liability of the liquor dealer beyond what it was by the well-understood meaning of the language of the previous law.

It is a fair presumption that the Legislature in passing the Act of 1897, prescribing the terms of the bond to be given by a seller of intoxicating liquor upon prescription in a local option district, intended that illegal sales by the principal seller should, according to the well-understood meaning of the terms employed, include also sales made by his agents or employees. The Act provides that such bonds may be given and sales made thereunder by corporations as well as individuals. Under the construction contended for by appellants such corporation could only be made liable on its bond when the sales are made by the corporation itself, as distinguished from its agents or employees, thus rendering the law practically ineffective in such cases.

We do not think the cases of Hendrick v. Walton (69 Texas, 192) and Hargrave v. Vaughan (82 Texas, 347) construing the statute with regard to suits for injuries resulting in death (Art. 3017, Rev. Stats.) are in point. As this Act was originally passed (as construed in Hendricks v. Walton) by the first subdivision of the article certain classes of corporations and persons were made liable for such injuries when caused by their negligence or by the gross negligence of their agents or servants. Clearly there was no liability

intended to be created for the ordinary negligence of the agents or servants of such persons and corporations. The second subdivision of the article created a liability for such injuries when caused by the negligence on the part of persons and corporations generally. Standing alone this provision would have included a liability for the negligence of the agents or servants also, but its relation to the other parts of the same section showed clearly that such was not the intention, for otherwise the persons and corporations generally, referred to, would be made liable for injuries caused by the ordinary negligence of their agents or servants, thus placing upon them a more onerous liability than was imposed upon the particular class of persons and corporations upon whom the Act was intended primarily and principally to operate. The subsequent change in the Act eliminating the distinction between ordinary and gross negligence in the first subdivision did not affect the legislative intent as gathered from the original Act.

We think that the Act under which the bond was given in the present case was intended to apply to sales made by the agents and employees of the principal in the bond, as well as sales made by himself. We cannot agree with appellants, that it was intended that no sales were allowed to be made except by the principal in person. If anything so unusual had been intended, the intention would have been expressed by apt and appropriate terms, and not left to be gathered as an unusual inference from the general expressions employed; and this emphasizes the views expressed, for we could not presume, unless no other reasonable construction of the Act were possible, that the Legislature intended that sales might be made by the agents or employees of the dealer, but that he should incur no liability upon his bond for such sales if illegal. The decisions in criminal cases do not apply.

The proposition under these assignments that the evidence did not show agency on the part of the persons making the sale, is not supported by the record. The evidence introduced by the State tended to show such agency, and the appellant Edgar, who certainly knew whether the persons were his agents, was content to let the case rest upon this evidence without contradiction. The question of the agency of the parties proven to have made the sales was fairly submitted to the jury in a charge requested by appellants and given. The assignments referred to are overruled.

The affidavit of M. C. Oliver as the manager and keeper of the M. E. Edgar prescription house was admissible both for the purpose of identifying the prescriptions filed by him with the county clerk together with the affidavit, and as tending to show sales under these prescriptions. It was an affidavit required to be made by Edgar (or his agent) by the terms of the statute. The fifth assignment of error is overruled.

We think the statement in the affidavit that "no intoxicating liquors have been sold from said prescription house other than that named and stated in the 576 prescriptions accompanying this affidavit" in connection with the cancelled prescriptions filed therewith was sufficient to show, *prima facie,* that the sales called for in the pre-

scriptions were in fact made. The sixth and eighth assignments presenting the point are overruled.

The seventh assignment complains of the refusal of a requested charge that the jury must find that the sales were in fact made. The question was fully submitted in another charge requested by appellant and given.

The ninth assignment complains of the charge of the court that it was unlawful and a violation of the conditions of the bond for a sale to be made upon a prescription which bore the same number of another prescription given by the same physician and dated during the same year, whether the same was given to the same or different persons. The contention of appellant would read into the statute a distinction that is not expressed and that cannot reasonably be implied.

The condition of the bond is that the principal "shall not sell on any prescription bearing the same number of another prescription given by the same physician and dated during the same year" and no distinction is made between such prescription when given to the same and when given to different persons. This, as well as all other provisions of the bond, requires extraordinary vigilance and caution on the part of persons engaged in this business to avoid illegal sales or sales made in evasion of the law. It was clearly intended by the Legislature to require such vigilance and caution to the end that sales of liquor upon prescription to persons in need thereof should not be used as a cover for the indiscriminate sales thereof in violation of the local option law. It was for the Legislature to say what regulations were proper for this purpose.

The tenth assignment of error attacking the constitutionality of the Act in question on the ground that the Legislature cannot license or regulate the sale of liquor for medicinal purposes in a local option district, is without merit.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.