## BRADLEY v. TEXAS LIQUOR CONTROL BOARD.

### No. 8662.

Court of Civil Appeals of Texas. Austin.

July 28, 1937.

302

Kerr & Gayer, of San Angelo, for appellant.

Wm. McCraw, Atty. Gen., and Leon O. Moses, M. C. Martin, and Vernon Coe, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

This proceeding arose as a statutory appeal by appellant, J. F. Bradley, from an order of appellee, Texas Liquor Control Board, canceling his medicinal permit or license to sell liquor on a physician's prescription for medicinal purposes; the board having after notice and hearing canceled the permit or license because appellant's agent or employee sold liquor without a physician's prescription, in violation of section 15 (n) of article 1, Acts 44th Leg. 2d C.S., 1935, p. 1795, c. 467 (article 666—15 (n), Vernon's Ann.P.C.), which provides, among other things, that "if any druggist or pharmacist shall sell any liquor without a physician's prescription therefor, or for any other purpose than medicinal purposes, his permit shall be cancelled."

Appellant alleged that he was aggrieved by the order of the board canceling his permit or license; that no facts were stated in the notice, order, complaint, or other proceeding before the board which would authorize the cancellation of the permit; and that no facts existed which would authorize the cancellation of the permit. The board answered, setting up the facts on which it canceled the permit; and the issue of whether appellant's agent or employee sold the liquor without a physician's prescription was tried de novo, appellee assuming the burden of proving the issue. The jury found that appellant's agent or employee sold the liquor as charged, and judgment was accordingly rendered affirming the order of the board canceling the permit.

Appellant filed his petition in the district court, seeking what he termed a trial de novo of the order of the board canceling his permit under the provisions of section 14 of article 1 of the act (Vernon's Ann. P.C. art. 666—14), which reads as follows: "And in the event of any person being aggrieved by any decision, rule, or order of the Board, such person shall have the right of an appeal therefrom to the District Court of the County in which a decision, rule, or order in such case would become effective, said suit to be against the Board alone as defendant, and such

suit shall be tried de novo, and be governed by the same rules as other suits in said Court, and during the pendency of such suit the order of the Board may be suspended by interlocutory order of the Court pending a hearing on the merits. Such cause shall be tried before the Judge of such Court within ten (10) days after the docketing of the cause, or in the earliest possible time after such ten (10) day period in the event the Judge is not able to try such cause within such ten (10) day period."

As preliminary it may be observed that the Texas Liquor Control Act (Vernon's Ann.P.C. art. 666—1 et seq.) makes all notices, orders, rules, and regulations of the board prima facie valid, which necessarily places the burden of proof upon one complaining of such matters or acts of the board. But in the instant case the parties and the trial court seem to have considered the matter of cancellation of the permit to sell liquor as a civil suit or cause of action based upon some character of civil right; and that the above-quoted statute entitled appellant to a trial de novo on this appeal of that suit or cause of action just as if the board had not acted on the matter, the board having assumed the burden of proof. The workmen's compensation statutes and cases construing them are cited by appellant in support of this contention. Such statutes and cases furnish no analogy, because they are based upon a civil right of the employee to compensation. The cancellation of a permit to sell liquor under the Liquor Control Act and the principle of law governing such matters is not a civil suit or cause of action; but the power and authority to cancel such a permit is merely the exercise of an administrative function and duty imposed by the act upon the board or its administrator. A permittee or licensee under the act has no vested right to sell liquor, but is a mere permittee or licensee with the privilege of selling liquor in accordance with the terms of the act, and accepts his permit or license subject to the authority of the board to cancel it for any violation of the statutes or any rule or regulation promulgated by the board under authority of the act. And if the statute were given the construction contended for by appellant, it would be unconstitutional as an attempt on the part of the Legislature to confer administrative power and duties upon the judicial department of the government.

Section 13 of article 1 of the act (Vernon's Ann.P.C. art. 666—13) provides that "any permit granted under this Act shall be a purely personal privilege, good for the year in which issued, and ending on August 31st of each year at 12 o'clock midnight, and revocable for the causes herein stated, subject to appeal as hereinafter provided, and shall not constitute property, nor shall it be subject to attachment or execution, nor shall it descend by the laws of testate or intestate devolution, but shall cease upon the death of the permittee."

In the early case of State v. DeSilva, 105 Tex. 95, 145 S.W. 330, 333, the Supreme Court reviewed the nature of a license or permit to sell liquor, and the authority of the county judge under the old liquor laws before prohibition to cancel such license, or permit, as follows: "The answer to the second question depends upon the character of the act of removal. Was it judicial? The fact that the person who declared the license forfeited was a county judge does not make the act judicial in character. That depends upon the matter in controversy, and the remedy applied. It would be a useless consumption of time to adduce authorities or argument to the effect that a license to sell intoxicants is not a property right, but is a privilege granted by the state, which may be revoked. The state had the power to prescribe the manner of enforcing the law by revoking a license granted, which action was not judicial, but administrative or ministerial. In the matter of Saline County [Subscription], 45 Mo. 52, 100 Am.Dec. 337; Baldacchi et al. v. Goodlet et al. [Tex.Civ. App.] 145 S.W. 325."

In the case of Baldacchi v. Goodlet (Tex. Civ.App.) 145 S.W. 325, the Supreme Court again referred to and approved its holding in the DeSilva Case, and held that the court had no jurisdiction to compel by mandamus the performance of a purely administrative or executive act or duty of an administrative or executive officer. And the cases cited therein hold that proceedings to forfeit a liquor dealer's license under the statute are not judicial but administrative or executive. The only jurisdiction which a court has over the power of the administrative board to cancel a liquor permit or license is to determine whether the board acted within the scope of its delegated authority, based its order or conclusion upon substantial evidence, and did not act arbitrarily or capriciously in making its order.

In the recent case of Shupee v. R.R. Comm., 123 Tex. 521, 73 S.W.(2d) 505, 508, the Supreme Court had a similar statute under consideration. The questions there presented were with regard to the power of the Railroad Commission to issue or deny a certificate of convenience and necessity to operate a bus or truck line over the public highways of Texas, and what was meant by a statutory appeal and trial de novo from an order granting or denying a certificate or permit. The court held that the right to the permit was not a vested right, but a mere privilege or license, and that the order of the commission denying a permit based upon any substantial evidence would be upheld. We quote at length from that decision as follows:

"We think it clear that the intention of the statutory provisions is that the decisions of the Railroad Commission upon the granting or refusing of any permit to operate a bus line over any highways in Texas should be final and conclusive, unless it acted unreasonably and unlawfully, or unless its decisions had no basis in fact and were arbitrary or capricious. In other words if the findings and orders of the Railroad Commission in such matters had any reasonable basis in fact, and were not shown to be arbitrary and unreasonable, they must be supported by the court. The court cannot substitute its judgment for that of the commission, unless it be shown that said judgment of the commission was without foundation in fact, or was unreasonable or arbitrary. The rule is stated generally in 42 Corpus Juris, pages 691, 692, as follows: 'The court will review the facts with a view of determining whether the commission has acted unreasonably and unlawfully, and may reverse and direct the commission to carry out its mandate if the result is different from that reached by the commission, as where it is found that the findings or orders of the commission are without substantial foundation in the evidence and are unreasonable or arbitrary. But the reviewing court cannot substitute its judgment for that of the commission and disturb its finding, where there is any substantial basis in evidence for such finding, or where the ruling of the commission is not capricious or arbitrary, but is reasonable and lawful. Under some statutes the orders

of the commission in such cases are prima facie evidence of the reasonableness and correctness thereof, and the burden of establishing the contrary rests on the one attacking them.'

"In State v. Great Northern R. Co., 130 Minn. 57, 153 N.W. 247, 248, Ann.Cas. 1917B, 1201, the Supreme Court of Minnesota said: 'The Legislature never intended that the court should put itself in the place of the commission, try the matter anew as an administrative body, substituting its findings for those of the commission. A statute which so provided would be unconstitutional as a delegation to the judiciary of nonjudicial powers.'

"In Modeste v. Public Utilities Comm., 97 Conn. 453, 117 A. 494, the Supreme Court of Connecticut, in discussing the power and duty of the Public Utilities Commission to issue certificates of public convenience and necessity for jitneys, held that the courts cannot inquire further into the action of the commission than to determine if the commission acted beyond its power or arbitrarily, and that if the commission did not so act, its decision is final and conclusive. .It also said that a statute giving a court power to substitute its judgment for that of the commission would be an unconstitutional delegation of administrative power to the judiciary."

■ The permit or license to sell liquor is a mere personal privilege under the terms of the act itself, and while the above-quoted statute authorizes an appeal for a review of the order of the board canceling a permit or license, and for a trial de novo, the suit or proceeding authorized must be limited to the character of suit which is authorized under the Constitution and laws with regard to the power of a court to determine only judicial matters. Under these decisions the inquiry on an appeal or court proceeding authorized by the Texas Liquor Control Act from any administrative order, rule, or regulation of the board, is to determine whether the board acted within the statutes under which it operates; whether its complained of order is sustained by substantial evidence; and whether it acted arbitrarily or capriciously in the performance of its administrative duties. And while this case may not have been tried in accordance with some of the principles hereinabove announced, and the court and the parties may have proceeded upon a different theory of the practice, it appears from the record

that appellant had due notice and a full hearing before the board before it cancelled his permit or license, and that he had a full and fair trial and was afforded every opportunity to present any act of the board in canceling his license which might be construed as being violative of the provisions of the statute under which the board acted; and the undisputed evidence showed that the board had sufficient evidence before it at the hearing to authorize it to cancel appellant's license, and that the board did not act arbitrarily or capriciously in canceling the license. With these preliminary statements and conclusions in mind, we pass to a consideration of the propositions determined by the trial court against appellant and here complained of by him.

■ By his first proposition appellant contends that there was no proper complaint or charge filed before the board or administrator upon which it could predicate its action canceling appellant's medicinal permit or license. This contention seems to be based upon two propositions: First, that in every instance the board and/or administrator shall require a complaint to be filed for the cancellation or suspension of a permit for any violation provided in the act or rules or regulations of the board; and, second, that any proceeding before the board to cancel a permit or license must be upon complaint, as directed by the following provisions of section 12 of article 1 (Vernon's Ann.P.C. art. 666—12): "The governing authorities of any city or town or the Commissioners Court of any county shall have power to institute proceedings for the revocation or suspension of any permit granted hereunder. Such proceedings may be instituted by the filing of a complaint with the Board, and it shall be the duty of the Board to forthwith hear same in accordance with the terms of this Act."

These contentions are without merit. The Texas Liquor Control Act is a broad and comprehensive act carefully drawn by the Legislature, predicated upon an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of Texas, and provides that all of its provisions shall be liberally construed for the accomplishment of that purpose. Generally the act is divided into two parts: Article 1 (Vernon's Ann.P.C. art. 666—1 et seq.) dealing with the manufacture, sale,

and transportation of liquors as defined by the act; and article 2 (Vernon's Ann.P.C. art. 667—1 et seq.) dealing with the manufacture, sale, and transportation of beer. The act creates the Texas Liquor Control Board, the administrator of such board, and authorizes the employment of such other agents, servants, and employees as are necessary to carry out the purposes of the act. Among other things, section 6 (b) of article 1 of the act (Vernon's Ann. P.C. art. 666—6 (b) authorizes and empowers and makes it the duty of the board "to grant, refuse, suspend, or cancel permits for the purchase, transportation, importation, sale or manufacture of liquor or other permits in regard thereto." The act further authorizes and empowers the board to prosecute any violation of the act (Vernon's Ann.P.C. art. 666—6), or of any rule and regulation which the act authorizes the board to promulgate. It confers upon the board full and plenary power to carry out each and every provision of the act and all rules and regulations necessary and incidental to its enforcement. Section 12 of article 1 (Vernon's Ann.P.C. art. 666—12) provides that the "Board and/or Administrator shall cancel or suspend after notice and hearing any such permit granted if it is found that any of the following is true." Here follow a number of specific acts which would authorize the cancellation by the board or administrator of any license issued under any permit or license to sell liquor under the act. Section 15 (n) specifically authorizes the board to cancel the medicinal permit or license of a druggist or pharmacist, if he shall sell liquor without a physician's prescription as provided in the act.

The provision of section 12, above quoted, is plain and unambiguous, and authorizes the board to cancel such a permit "after notice and hearing." The proceedings, therefore, are instituted by the serving of the notice which shall state the grounds upon which the board seeks to cancel the permit. The undisputed evidence shows that the board served appellant with such notice, stating specifically the grounds upon which it sought to cancel his permit; that a hearing was had at which appellant was present in person and testified and was represented by able counsel, and after the hearing counsel were given several days in which to file briefs presenting their view as to the authority of the board to cancel the license for the

violations complained of. After consideration of these matters and the evidence adduced, the board canceled the license and issued the notice required by the statute to appellant informing him of the action of the board in the cancellation of his license, stating the specific grounds upon which it predicated its order of cancellation.

The second contention of appellant, that the proceedings could only be instituted by complaint filed by the governing authorities of the city, town, or by the commissioners' court of the county in which permittee operated his licensed drugstore, is without merit. This provision of the act simply gives the authorities mentioned the power and right to institute proceedings by filing a complaint with the board. It does not deprive the board of the power to institute its own proceeding based upon its own findings, and to cancel the permit after notice and hearing.

■ Nor do we sustain appellant's proposition that the administrator of the Texas Liquor Control Board was disqualified to sit or hear the matter of the cancellation of appellant's permit, because an inspector employed by the Liquor Control Board and paid by the State of Texas procured the evidence by purchasing the liquor from appellant's agent with money furnished by the Texas Liquor Control Board or its administrator. The record does not show what other evidence was before the board at its hearing. Appellant was represented by able counsel who filed a brief upon legal points with the board after the hearing, and which was considered by the board and overruled. The proceeding was not a criminal proceeding against appellant, but an administrative proceeding authorized by the Texas Liquor Control Act, for the purpose of canceling appellant's license for violation of the provisions of the act; and such cancellation may be had upon evidence of the inspectors or employees of the board who procured the unlawful sale. It may be observed that the whole purpose in employing such inspectors and authorizing their employment is to ascertain facts with regard to the violation of the permit or violation of any rule or regulation of the board under which appellant was authorized to conduct and carry on his liquor business.

■ Nor do we sustain appellant's contention that the unlawful act of appellant's agent in selling liquor without a

physician's prescription did not subject appellant's permit to cancellation. The cancellation of a certificate is a specific remedy authorized under the act for violation of the provisions of the act or rules and regulations of the board. It is not a criminal prosecution, and the permit may be canceled for the unlawful acts of the agent the same as if they had been the acts of appellant himself. The law is settled in this state that a licensee or permittee is responsible for the acts of his agent, employee, or servant, which violate the terms of the license or permit, even though the acts are against the instructions of the licensee or permittee. Edgar v. State, 46 Tex.Civ.App. 171, 102 S.W. 439, 440; Joliff v. State, 53 Cr.App.R. 61, 109 S.W. 176, 179, and cases there cited. It is true that there is a different rule which applies with reference to criminal cases. In order to convict licensee or permittee criminally for an offense done by his agent, he must have permitted the unlawful act of the agent, or known of the same and acquiesced therein. No such rule is applicable in cases of cancellation of a liquor license or permit for violation of some statutory provision or any rule or regulation of the board which is a remedy afforded by the act itself in aid of its enforcement. The cancellation of such a license is not a criminal proceeding. In this connection it may be stated that the person who sold the liquor without a permit was the agent or employee of appellant. He was employed by appellant and paid a salary as a clerk. "He worked generally all over the store," and made the sales in question and placed the money paid for the liquor in appellant's cash register at the time of the sales.

■ If it is the contention of appellant that the affidavits of the inspector who procured the sale were the only evidence before the board on the hearing to cancel the permit, then the contention is not sustained because the record does not show what other evidence was before the board. It does show that other evidence was adduced on the hearing. But even so, the rules and regulations of the board promulgated under authority of the Liquor Control Act specifically authorize either party to prove any fact in a hearing before the board by affidavit. The affidavits were on file with the board prior to the issuance of notice to appellant of the hearing to cancel his permit. Appellant was present at the hearing when they were introduced in evidence. In fact, it clearly appears from the record that appellant had due notice and a full hearing before the board cancelled his license, and that he has had a full and fair trial and was afforded every opportunity to present any act of the board in canceling his license which might be construed as violative of the provisions of the statute under which the board acted; and the undisputed evidence showed that the board had sufficient evidence before it at the hearing to authorize it to cancel appellant's license, and that the board did not act arbitrarily nor capriciously in canceling the license.

The judgment of the trial court will therefore be affirmed.

Affirmed.