## TEXAS LIQUOR CONTROL BOARD et al. v. WARFIELD.

### No. 2065.

Court of Civil Appeals of Texas. Waco.

Dec. 1, 1938.

Wm. McCraw, Atty. Gen., and Victon W. Bouldin and Leon O. Moses, Asst. Attys. Gen., for appellants.

Darden, Burleson & Wilson, of Waco, for appellee.

GEORGE, Justice.

This is an appeal by the Texas Liquor Control Board and others from a judgment of the district court vacating and setting aside an order of the administrator canceling the package store permit issued to A. E. Warfield.

The parties executed a written agreement as to the facts upon which this cause was to be determined in the trial and appellate courts. There is no dispute as to the facts, and there is no conflict or contradiction in the facts. The administrator of Texas Liquor Control Board, after due notice and hearing, entered, on May 3, 1937, an order canceling the package store permit issued to A. E. Warfield for the year commencing September 1, 1936, for the sole reason that an employee of Warfield had, on Sunday, March 14, 1937, sold and delivered to an employee of Texas Liquor Control Board one-half pint of whiskey, not upon a prescription issued by a duly licensed physician, in violation of section 25 of article 1, Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—25.

Thus, the question presented to the trial court and this court for determination is one of law, and that proposition is whether the administrator was authorized under the law to cancel the permit on the particular facts of this case.

670

Section 25 of article 1 of the Texas Liquor Control Act provides that no sale or delivery of liquor shall be made on or from the premises of the holder of a package store permit on Sundays, except on the prescription of a duly licensed physician; and section 12 of said article 1, Vernon's Ann.P.C. art. 666—12, provides that the Board, or its administrator, shall cancel, after notice and hearing, any such permit granted, if it is found that the permittee has violated any provision of the Act. A package store permit to purchase specified liquor from designated parties and to sell same under the conditions and in the manner prescribed in the Act is neither a contract nor a right of property in the sense in which those terms are used in our Constitution. It is no more than a temporary license to do that which would otherwise be unlawful and may be revoked by the authorized agent of the state whenever it is ascertained that the law has been violated. The state, in the exercise of its police power, has prescribed the terms and conditions on which package store permits to sell liquor will be granted and the manner of enforcing the law by revoking a license granted. All permittees accept such permits charged with notice that a violation of the Act, or a reasonable rule or regulation of the Board pursuant to the Act, will subject the permit to forfeiture. The law authorizes the permittee to engage in the business of selling liquor in person and through employees and places on him the responsibility for the manner in which the business is conducted and the acts of his employees in the furtherance of the object of the undertaking. Baldacchi v. Goodlet, Tex.Civ.App., 145 S.W. 325; Rowland v. State, 12 Tex.App. 418; Hernandez v. State, Tex.Civ.App., 135 S.W. 170; Lane v. Schultz & Buss, Tex.Civ.App., 146 S.W. 1009; State v. De Silva, 105 Tex. 95, 145 S.W. 330; Ex parte Vaccarezza, 52 Tex. Cr.R. 105, 112, 105 S.W. 1119; Edgar v. State, 46 Tex.Civ.App. 171, 102 S.W. 439; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300, pars. 9–11; Black on Intoxicating Liquors, sec. 194; 33 C.J. pp. 567, 612, 613.

Therefore, the judgment of the trial court is reversed and judgment is here rendered, dissolving the injunction and sustaining the order of the administrator of May 3, 1937, canceling the package store permit theretofore issued to A. E. Warfield, Collins Pharmacy.