THE STATE OF TEXAS V. PAINE L. BUSH, ET AL.

No. A-3888. Decided December 10, 1953.
(253 S. W., 2d Series, 269.)

*Price Daniel,* Attorney General, *J. Milton Richardson, John Davenport* and *Clyde B. Kennelly,* Assistant Attorneys General, for Relators.

*Henry Klepak* and *John P. Koons,* of Dallas, for respondents.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a proceeding on behalf of the State of Texas, the

Texas Liquor Control Board, and its Administrator, wherein a writ of mandamus is sought against Billy & Johnny's Barbecue, Inc.; Ray Donihoo, who is the owner of a controlling interest in the corporation, and Honorable Paine L. Bush, Judge of the 68th Judicial District at Dallas, Texas. Billy & Johnny's, Inc. (hereinafter referred to as applicant) was the owner of a permit issued by the Liquor Control Board (hereinafter referred to as the Board) and dated October 8, 1951 to sell, at retail, wine and beer. On October 6, 1952, Coke R. Stevenson, Jr., as Administrator of the Board, issued an order rejecting the application of Billy & Johnny's for a renewal of such wine and beer permit, and requiring the applicant "to file its application before the County Judge of its residence and submit to a hearing thereon before the said County Judge as in the case of an original application for a license or permit, etc." On October 17, 1952, the Judge of the County Court at Law No. 2 for Dallas County, Texas, held a hearing on the application for a wine and beer permit filed before such Judge by the applicant. The Judge of the County Court at Law No. 2, Dallas, Texas, entered his order that the Board had never in fact cancelled the permit and that the applicant was by said Board required to file its application before "this Court" for a hearing on a renewal of such permit. The Judge of said County Court at Law No. 2 thereupon granted the application for renewal of the wine and beer permit and ordered the Board to issue a renewal to applicant instanter.

On November 7, 1952, applicant filed its petition in the 68th District Court in Dallas, Texas, in which it sought a temporary restraining order and a temporary injunction restraining the Board from interfering with the business of said corporation in any way and from seizing wine and beer of applicant offered for sale in its place of business, and also for renewal of its permit. The Judge of the 68th District Court on the 7th day of November, 1952, issued a temporary restraining order against the Board, its officers and agents restraining them from confiscating beer and wine from applicant's premises or from harrassing, annoying or molesting plaintiff (applicant herein) in the lawful operation of its business until further orders of the court. A hearing was had on November 10, 1952, on the merits of applicant's petition and the Board's answer and motion to dissolve. The Judge of the 68th District Court, after hearing evidence, took the matter under advisement and required the attorneys for both parties to submit briefs on the law questions involved, and continued "until the further orders of the Court" the restraining

order against the Board, its officers and agents, and permitted applicant to continue the sale of wine and beer. The State of Texas, acting by and through its Attorney General, joined by the Board and its Administrator, filed this application for mandamus before us.

The issuance of a permit to sell wine and beer is controlled certain provisions of the Liquor Control Act, Articles 666 and 667, Vernon's Texas Penal Code.

Article 666-4(a) provides that it shall be unlawful for any person to sell, possess for the purpose of sale, etc. any liquor in wet areas without first having procured a permit of the class required for such privilege. Article 667-3 provides that it shall be unlawful for any person to sell any beer, or to possess any beer for the purpose of sale within this State without having first obtained appropriate license as provided in the Act. Article 666-15 classifies the various kinds of permits to be issued by the Board. Paragraph (17) of this Article provides for "Wine and Beer Retailer's Permit", and authorizes their issuance by the Board or Administrator. It further provides that "* * * all such permits shall be applied for and issued, unless denied, and fees paid, upon the same procedure and in the same manner and upon the same facts and under the same circumstances, and for the same duration of time, and shall be renewable in the same manner, as required and provided to govern application for an issuance of Retail Beer Dealer's Licenses under Article II of this Act. * * *" Article II referred to is Article 667, Vernon's Texas Penal Code. Section 5 of Article 667 requires that the application be filed with the County Judge of the county in which the applicant desires to engage in such business; that the County Judge before whom an application is filed shall set a hearing not less than five days nor more than ten days from filing of same, and notice of hearing is to be given as the law provides. After a hearing before the County Judge, if the judge grants the application, he enters an order to such effect and the applicant files a copy of the County Judge's order with the tax collector of the county and pays the statutory license fee. The collector reports to the Board that the application for license has been approved and all fees paid and attaches a copy of the original application to his report, and it is prescribed that the Board or Administrator shall issue the license accordingly, if it is found applicant is entitled to a license. There is a proviso that the Board or Administrator may refuse to issue any such license if in possession of information from which it is deter-

mined that any statement contained in the application therefor is false, untrue, or misleading, or that there are other legal reasons why a license should not be issued. In the event the County Judge denies the application, or there is a denial by the Board or Administrator, a judgment accordingly shall be entered, and applicant has 30 days thereafter to appeal to the District Court of the county where the application is made, where the appeal is conducted in accordance with Article I (666) Section 14. In the event judgment of the District Court is favorable to the applicant and an appeal is taken by the Board, or any interested party, "a certified copy of the judgment shall be presented to the assessor and collector of taxes who shall thereupon accept the fees required and make a report to the Board in the manner required upon like orders issued by the county judge." Subdivision (g) provides: "No person shall be authorized to sell beer during the pendency of his original application for a license, and no official shall advise or suggest that such action would be lawful or permitted." Article 667-5, Subdivision (E) provides:

"If the County Judge approves the application for a license as a Retail Dealer of beer, then the Board or Administrator may refuse to issue a Retailer's License to any applicant for any one (1) or more of the reasons which would have been legal ground for the County Judge to refuse to approve the application for such license."

Subdivision (H) of the same Article provides:

"The Board or Administrator may, upon application for renewal of a Retail Dealer's license, without a hearing, refuse to issue a license to any person under the restrictions of this Section, as well as under any other pertinent provisions of this Act, and require such applicant to make an original application."

Article 666-11(15) provides:

"The Board or Administrator shall be vested with discretionary authority to refuse or grant such permits under the restrictions of this Section, as well as under any other pertinent provision of this Act."

1 The Texas Liquor Control Board is an administrative branch of the state government, and to the Board has been delegated by law certain functions, such as determining in the first place to whom and when certain privileges to sell liquors should be extended, and whether or not a permit should be renewed, and

whether or not persons so favored have breached the conditions under which such privilege has been granted.

The term of a wine or beer license is prescribed by Article 667-7(a) to be one year from date issued, and no license shall be issued for a longer term than one year. This same subdivision provides for application to renew a license. The holder of a license duly issued under the provisions of the Act shall make written application to the assessor and collector of taxes not less than 5 days nor more than 30 days prior to the date of expiration of the license held by him; such application shall be in the form prescribed by the Board and accompanied by the appropriate license fee. The assessor and collector of taxes shall transmit to the Board a copy of said application for renewal, together with a certificate that all required fees have been paid; and upon receipt of this report and certificate "* * * the Board or Administrator may in its discretion issue the license applied for, or may within five (5) days after the receipt of such application reject the same and require that the applicant for renewal file application with the county judge and submit to hearing before such county judge in the manner required of any applicant for the primary or original license * * *."

The record before us does not show that an application for a license or permit to sell wine and beer was filed before the County Judge of Dallas County, Texas since October 6, 1952 by applicant herein, nor has the County Judge had a hearing or made any orders on any application filed by applicant.

Applicant contends that the Judge of the County Court of Dallas County, at Law No. 2 had a right to act on this application and cites Articles 1970-3, 1970-4 and 1970-16, Vernon's Annotated Civil Statutes as authority for this contention. Article 1970-3, gives the County Court of Dallas County at Law "original and concurrent jurisdiction with the County Court of Dallas County in *all matters and causes, civil and criminal,* original and appellate, over which, by the general laws of the State, county courts have jurisdiction * * *." Article 1970-4 provides for the retained jurisdiction of the County Court of Dallas County, and states " * * * all ex officio duties of the county judge shall be exercised by the said Judge of the County Court of Dallas County, *except in so far as the same shall, by this Act, be committed to the Judge of the County Court of Dallas County, at Law.*" Emphasis has been placed where applicant has placed

it in its brief. A sufficient answer to applicant's contention that the Judge of the County Court of Dallas County at Law, No. 2, is given authority to pass on application for licenses under the Liquor Control Act, should be that nowhere in Article 1970-3 or 1970-4, or any other provision of Article 1970, do we find the Judge of County Court at Law given any right or duty to pass upon applications for licenses under the Act.

2  The filing of an application for a license and the hearing and action thereon is not a civil or criminal cause. The power and authority granted to the Board, Administrator and County Judge with regard to issuance, denial, cancellation or supervision of such permits is merely the exercise of an administrative function and duty imposed by the Act. Jones v. Marsh, 148 Texas 362, 224 SW 2d 198; State v. De Silva, 105 Texas 95, 145 SW 330; Bradley v. Texas Liquor Control Board, Tex. Civ. App., 108 SW 2d 300, no writ history; Texas Liquor Control Board v. Jones, Tex. Civ. App., 112 SW 2d 227, no writ history; Texas Liquor Control Board v. Floyd, Tex. Civ. App.. 117 SW 2d 530, no writ history. The Act itself repeatedly refers to the "county judge" as the person who shall take various forms of action in the granting or refusing of permits or licenses under the Act. We have been cited to no statute or case which gives the judge of a county court at law any authority to act in such matters. Section 2 of Article 666, Vernon's Texas Penal Code, provides:

"This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

3  In our opinion to hold that these applications could be filed with a judge of the County Court at Law, as well as, or in the place of the county judge, would violate the above provisions of the law, and would lead to endless confusion and delay, and impede the very purpose for which the Liquor Control Act was passed. We therefore hold that the filing of the application in the County Court of Dallas County and the hearing held by the Judge of the County Court at Law No. 2, and his action thereon was of no force and effect, in so far as it might bring about either the granting of a new license or the renewal of the old license possessed by applicant. Therefore, applicant stands before this Court without any license to sell wine and beer, and

without having filed any legal application to renew its old license.

By force of the Act the license applicant possessed expired on October 7, 1952; also, by force of the Act, it cannot lawfully sell wine and beer without a license to so sell. Therefore, it has been violating the law in this regard on each and every sale made since October 7, 1952 at midnight, the date its old license expired.

4 Applicant is apparently laboring under the mistaken belief that its property rights have been invaded by virtue of the action of the Board in not issuing it a renewal license or issuing a new license to it. The full and complete answer to that is found in the Act itself. Article 666-13(b) specifically provides that "any permit or license issued under the terms of either Article I or Article II (Penal Code, Articles 666 and 667) of this Act shall be purely a personal privilege * * * and shall not constitute property * * *." This has long been the holding of all the cases which have passed upon the nature of such permits or licenses and the rights thereunder. Jones v. Marsh, supra; Texas Liquor Control Board, et al v. Warfield, Tex. Civ. App., 122 SW 2d 669, no writ history; Louder v. Texas Liquor Control Board, Tex. Civ. App., 214 SW 2d 336, writ ref. n. r. e.; and many other cases that could be cited.

In the case at bar the Administrator acting for the Board and under the plain provisions of Section (H) of Article 667-5, and Subdivision (a) of Article 667-7, as above set out, refused the renewal of the license and required the applicant to begin before the County Judge, the same as if applying for an original license.

It follows from what we have said above that neither the Judge of the 68th District Court, nor any other judge of any district court, had, or has, any authority to issue the restraining orders issued in this case; nor can any judge issue a license or permit to sell wine and beer. Therefore, his action is wholly void, and being so, we have authority to grant the relief prayed for. The provisions of the Liquor Control Act cannot be set aside in such manner, nor can the enforcement of its penal provisions be thus interfered with. State, et al v. Ferguson, District Judge, et al and State v. Kirby, District Judge, et al, 133 Texas 60, 125 SW 2d 272.

The relief prayed for in Relator's petition (The State of Texas, the Texas Liquor Control Board and Administrator) is granted, and the clerk will issue the appropriate writs.

Opinion delivered December 10, 1952.

Associate Justice Smedley did not participate in the decision of this case.