

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

November 24, 1967


Honorable Coke R. Stevenson, Jr.    Opinion No. M-159
Administrator
Texas Liquor Control Board      Re:  Interpretation of Section
Austin, Texas                      18 of Article 1 of the Texas
                                   Liquor Control Act (Article
                                   666-18 of Vernon's
                                   Penal Code) as it relates
                                   to a corporation's rights
                                   to hold a permit, and
Dear Mr. Stevenson:              related questions.

    Your letter requesting an opinion of this office reads, in part, as follows:

    "Our questions involve an interpretation of the provisions of Section 18 of Article 1 of the Texas Liquor Control Act (Article 666-18 of Vernon's Penal Code).

    "Prior to the amendment to the said Section 18 by the 60th Legislature, a corporation, though otherwise unqualified to hold a permit, could obtain and hold a permit if it was '...doing business in this State under charter or permit prior to August 24, 1935.'

    "After the effective date of the amendment to the said Section 18 by the 60th Legislature, a corporation, though otherwise unqualified to hold a permit, may obtain and hold a permit if it was '...engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935.'

    "Our first question is as follows:

        If a corporation, though otherwise unqualified to hold a permit, did, in fact, obtain and hold a permit because it was 'doing business in this State

under charter or permit prior to August 24, 1935,' prior to the effective date of the amendment to Section 18 of Article I of the Texas Liquor Control Act (Article 666-18 of Vernon's Texas Penal Code) by the 60th Legislature, is such corporation entitled to obtain and hold a permit after the effective date of the amendment to the said Section 18 by the 60th Legislature, even though such corporation . . . was not, in fact, 'engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935?'

"Our second question is as follows:

Where Corporation-1, which is otherwise not qualified to hold a permit, does, in fact, hold a permit because it was 'engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935,' and where all of the capital stock of Corporation-1 is acquired by Corporation-2, which is not qualified to obtain and hold a permit either directly or as a result of an exemption, is Corporation-1, thereafter, entitled to obtain and hold a permit under the terms of Section 18 of Article I of the Texas Liquor Control Act (Article 666-18 of Vernon's Texas Penal Code)?

If not all, but more than 49 percent of the corporate stock of Corporation-1 is acquired by Corporation-2, under the same conditions as outlined above, would Corporation-1 be entitled to obtain and hold a permit?

". . .

"Our third question is as follows:

Where a corporation was engaged in the
legal alcoholic beverage business in
Texas from January 1, 1935, to January
1, 1940, at which time such corporation
became inactive but continued to pay
its franchise taxes and preserve its
good standing in Texas, may such
corporation be reactivated in January
of 1968, with either all or more than
49 percent of its capital stock being
owned by unqualified persons or cor-
porations, and be entitled to obtain
and hold a permit under the terms of
Section 18 of Article I of the Texas
Liquor Control Act (Article 666-18 of
Vernon's Texas Penal Code)?"

Prior to the questioned amendment, Section 18 of Article
I of the Texas Liquor Control Act (Article 666-18 of Vernon's
Texas Penal Code) Acts 1935, 44th Leg., 2nd C.S., Ch. 467, p.
1795, at page 1814 provided as follows:

"No person who has not been a citizen of Texas
for a period of three (3) years immediately pro-
ceeding the filing of his application therefor shall
be eligible to receive a permit under this Act.
No permit shall be issued to a corporation unless
the same be incorporated under the laws of the
State and unless at least fifty-one (51%) percent
of the stock of the corporation is owned at
all times by citizens who have resided within
the State for a period of three years and who
possess the qualifications required of other
applicants for permits; provided, however, that
the restrictions contained in the preceding clause
shall not apply to domestic corporations, or to
foreign corporations that were doing business
in this State under charter or permit prior
to August 24, 1935. Partnerships, firms and
associations applying for permits shall be
composed wholly of citizens possessing the
qualifications above enumerated. Any cor-
poration (except carrier) holding a permit
under this Act which shall violate any provisions

hereof, or any rule or regulations promulgated hereunder, shall be subject to forfeiture of its charter and it shall be the duty of the Attorney General, when any such violation is called to his attention, to file a suit for such cancellation in a District Court of Travis County. Such provisions of this section as require Texas citzenship or require incorporation in Texas shall not apply to the holders of agent's, industrial, medicinal and carrier's permits."

Section 18 of Article I of the Texas Liquor Control Act (Article 666-18 of Vernon's Penal Code), as amended by Acts 1967, 60th Leg., Ch. 85 sec. 2 p. 161, provides as follows:

"No person who has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application therefor shall be eligible to receive a permit under this Act. No permit except a Brewer's Permit, and such other licenses and permits as are necessary to the operation of a Brewer's Permit, shall be issued to a corporation unless the same be incorporated under the laws of the State and unless at least fifty-one (51%) percent of the stock of the corporation is owned at all times by citizens who have resided within the State for a period of three (3) years and who possess the qualifications required of other applicants for permits; provided, however, that the restrictions contained in the preceding clause shall not apply to domestic or foreign corporations that were engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935. Partnerships, firms, and associations applying for permits shall be composed wholly of citizens possessing the qualifications above enumerated. Any corporation (except carrier) holding a permit under this Act which shall violate any provisions hereof, or any rule or regulations promulgated hereunder, shall be subject to forfeiture of its charter and it shall be the duty of the Attorney General, when any such

> violation is called to his attention, to file
> a suit for such cancellation in a District Court
> of Travis County.  Such provisions of this
> section as require Texas citizenship or require
> incorporation in Texas shall not apply to the
> holders of agent's, industrial, medicinal and
> carrier's permits." (emphasis added.)

The first question presented in the opinion request relates to the portion of Section 18 dealing with the provision commonly called the "grandfather clause" where the words, "engaged in the legal alcoholic beverage business" are substituted for the more general phrase, "doing business."

The intent of the legislature to restrict the class of corporation that shall qualify under the "grandfather clause" is clear.  Therefore, the only corporations that shall now qualify for a permit under the "grandfather clause" of Section 18 as amended is a "domestic or foreign corporation that was engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935."

A permit issued by the Texas Liquor Control Board under the authority granted the Board or Administrator by the legislature is a mere privilege and not a right.  The Texas Liquor Control Act so provides (Article 666-13, V.P.C.), and the courts of Texas are in full accord.  Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); State v. Bush, 151 Tex. 606, 253 S.W.2d 269 (1952); Bradley v. Texas Liquor Control Board, 108 S.W.2d 300 (Tex. Civ. App. 1937, no writ); Texas Liquor Control Board v. Raspante, 308 S.W.2d 137 (Tex. Civ. App. 1957, no writ).

Any permit issued by the Texas Liquor Control Board, except Wine and Beer Retailer's Permits issued to other than a railway dining buffet, or club car, shall expire at midnight of August 31 next following the date of issuance. (Article 666-13, V.P.C.).  However, upon filing an application for renewal of permit, the Board or administrator is authorized, upon finding that the applicant is qualified under the terms of the Act, "to issue the permit sought to be renewed." (Article 666-15c(2). (emphasis added.).  Also, Article 666-11 provides "The Board or Administrator may refuse to issue a permit either on an original application or a renewal application to any applicant" if certain facts are found to be true. It is therefore clear that the Board or administrator may, upon

application for a renewal of a permit, either issue or refuse to issue a _permit_.

Therefore, it is the opinion of this office that a corporation not otherwise qualified to obtain a permit that did, in fact, obtain and hold a permit because it was "doing business in this state under charter or permit prior to August 24, 1935" is not, after the effective date of the amendment to section 18, entitled to obtain a _permit_ unless the corporation was "engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935."

In answer to the second question presented in the opinion request the terms of the "grandfather clause" itself, not the general requirements concerning ownership of stock, govern when a corporation seeks to bring itself within the "grandfather clause", as discussed in the case of Elliott Bros. Trucking Co. v. United States, 59 F.Supp. 328 (D.C., Maryland, 1945). The Court there observed at page 330:

> "Under the 'grandfather clause', the commission without requiring further proof that the public convenience and necessity will be served, must issue a certificate if a carrier applicant or its predecessor in interest was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the routes or within the territory covered by the application, and has so operated since that time."

The "grandfather clause" protects the privilege of a corporation to hold a permit and, is not changed or lessened in any way by a change in the ownership of the stock. The right to qualify under the "grandfather clause" belongs to the corporation as an entity distinct from its stockholders. As long as the corporation continues in existence, the authority conveyed by the "grandfather clause" belongs to the corporation regardless of who owns the stock in the corporation.

In answer to the third question presented in the opinion request, a corporation seeking to bring itself under the exception granted by the "grandfather clause" need only show that the corporation was "engaged in the legal alcoholic beverage industry in this state under charter or permit _prior_ to August 24, 1935". (emphasis added).

A court cannot read into the law words not placed there by the legislature. Empire Gas and Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265 (1932). In Goldman v. Torres, 341 S.W.2d 154 (Tex.Sup. 1960), the court stated at page 158 as follows:

". . . this Court cannot, under the guise of liberal construction, usurp the power of the legislature by reading into the Act a provision that is not there."

Under the authority cited above, it is the opinion of this office that neither continuous operation nor any percent of stock ownership by Texas citizens can be read into the privilege granted to a corporation under the "grandfather clause" in Section 18 of Article I of the Texas Liquor Control Act.

You have directed our attention to the case of Harris v. Alcoholic Beverage Control Appeals Board, 38 Cal. 305, 392 P.2d 1 (1964). This case involved a different situation concerning the public policy of California prohibiting the holding of multiple licenses. We are not presented with this question but with a Texas statute which deals only with a local citizenship requirement.

In order to qualify under the "grandfather clause", a corporation need only show that it was "engaged in the legal alcoholic beverage business in this State under charter or permit prior to August 24, 1935." (emphasis added).

### S U M M A R Y

Article 666, Section 18 of V.P.C. as amended by Acts 1967, 60th Leg., Ch. 85 sec. 2, p. 161, restricts the class of corporations authorized to qualify under the "grandfather clause" of Section 18 to only those domestic or foreign corporations that were engaged in the legal alcoholic beverage business in Texas under charter or permit prior to August 24, 1935, and neither continuous operation nor any certain percentage of stock ownership by Texas citizens can be read into the privilege granted to the qualifying corporation.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Douglas Chilton
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Jo Betsy Lewallen
Dyer Moore, Jr.
Houghton Brownlee

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.