IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,824






EX PARTE ALAN LYNN RICHARDSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


IN CAUSE NO. 25177 FROM THE 13
TH DISTRICT COURT 


NAVARRO COUNTY





 Per curiam.


 ORDER



 Applicant was placed on probation, which was later revoked. In an application for writ of
habeas corpus, he complains that the trial judge was disqualified from hearing the revocation
proceedings because he was the prosecutor in the original criminal proceedings from which
applicant's probation arose. In its conclusions of law, the trial court says, among other things, that
applicant's attorneys advised him "that there had been a plea negotiated where he would receive a
lesser sentence with the negotiated plea agreement." Relying upon "Exhibits 3 & 4," the trial court
further states that applicant, "after being so advised, entered his plea freely and voluntarily." 
"Exhibits 3 & 4," presumably the attorneys' affidavits, are not included in the habeas record
forwarded to this Court. We believe these exhibits may be important to the resolution of this case. 

 We also point out that in Gutierrez v. State, 108 S.W.2d 304, 309 (Tex. Crim. App. 2003),
we held that, "in the context of revocation proceedings, the legislature has not authorized binding
plea agreements." At this stage, the nature of the "plea agreement" is not clear to this Court, but we
think the nature of this agreement, including the stage of proceedings to which it applied and whether
it encompassed other prosecutions may be important to the resolution of the case. 

 Because this Court does not gather evidence, the trial court is the appropriate forum for these
matters. Consequently, we remand this case with instructions. If the exhibits three and four, cited
in the trial court's conclusions of law, are in the possession of the trial court or the clerk, we order
that they be forwarded to this Court, or if not, that new exhibits be obtained, to the extent possible,
from the same persons containing the same information. Further, if information regarding the nature
of the plea agreement is not contained in these exhibits, then we order that the trial court obtain this
information through whatever means it deems appropriate and forward that information to this Court
within ninety days from the date of this Order. 


DELIVERED: April 5, 2006

DO NOT PUBLISH