**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Mike RASPANTE, d/b/a Raspante Liquor Store, Appellee.**

No. 6999.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 3, 1957.

Rehearing Denied Dec. 31, 1957.

Will Wilson, Atty. Gen., Riley Eugene Fletcher, and John H. Minton, Jr., Asst. Attys. Gen., for appellant.

A. J. Piranio, Dallas, for appellee.

FANNING, Justice.

This is an appeal from the judgment of the District Court of Dallas County, Texas, 101st Judicial District of Texas, setting aside an order of the Texas Liquor Control Board cancelling the package store permit of Mike Raspante, doing business as Raspante Liquor Store. On February 19, 1957, an administrative hearing was held by the Texas Liquor Control Board pursuant to the provisions of the Texas Liquor Control Act, upon charges that Raspante had knowingly made sales of liquor, to-wit, wine, on three separate occasions on January 17, 1957, to Wesley Leon Arterberry, a person under the age of 21 years; after hearing the evidence presented, the administrative agency found that Raspante had knowingly made the three sales of liquor, to-wit, wine, to the minor Arterberry as charged in the complaint, and entered its order cancelling Raspante's package store permit. Raspante appealed from the order of the Board and his appeal was heard on March 7, 1957, before the 101st District Court. The trial court after hearing the evidence presented, including both the transcript of

the proceedings before the Board and the oral evidence presented in the district court, found to the effect that the cancellation order of the Board was not supported by substantial evidence and set aside the order of the Board. The Board has appealed.

Article 666–12, Vernon's Ann.P.C., reads in part as follows:

"The Board or Administrator **may** cancel or may suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any permit or any renewal of any such permit if it is found that any of the following is true: * * * (17) That the permittee, his agent, servant, or employee knowingly sold or delivered liquor to any person under the age of twenty one (21) years. * * *"

The Texas Liquor Control Act was enacted, in the exercise of the police power, for the purpose of regulating and controlling traffic in alcoholic beverages in the State. A license or permit to sell beer or other intoxicating liquor is a privilege and not a property right. The Act expressly so provides, Article 666–13, Vernon's Annotated Penal Code, and it is so held. See Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, and authorities there cited. Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule. Jones v. Marsh, supra; Shuppe v. Railroad Commission, 123 Tex. 521, 73 S.W. 2d 505; Railroad Commission v. Metro Bus Lines, Inc., 144 Tex. 420, 424–425, 191 S.W.2d 10, 11; Fire Dep't of City of Ft. Worth v. City of Ft. Worth, 147 Tex. 505, 217 S.W.2d 664.

In Jones v. Marsh, supra, 148 Tex. 362, 224 S.W.2d 198, 202, it is stated:

"Stating again the substantial evidence rule, it is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in court. *It is for the court, whether trial or appellate, to determine as a matter of law the reasonableness of the support afforded by substantial evidence, and in making its decision of this question the court examines and takes into consideration all of the evidence.* Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424; Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338; Wrather v. Humble Oil & Ref. Co., 147 Tex. 144, 214 S.W.2d 112." (Emphasis added.)

In Texas Liquor Control Board v. Metcalfe, Tex.Civ.App., 256 S.W.2d 117, 119, it is stated:

"On appeals from orders of the Liquor Control Board it is the duty of the District Court and it is our duty to apply the substantial evidence rule. This rule contemplates only a limited review of the Board's action. The finding of the Board will be sustained by the Court if it is reasonably supported by substantial evidence, meaning evidence introduced in the District Court. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S. W.2d 395."

The testimony of Wesley Leon Arterberry is to the effect that he was 16 years of age, a high school pupil, was born July 12, 1940, that on three separate occasions on January 17, 1957, he purchased wine personally from Mike Raspante (who was the holder of the package store permit in question), that at no time did Raspante ask him about his age or for any identifica-

tion card, that as a result of drinking the wine he became intoxicated and got into trouble with the police. Thomas Leon Brown, Jr., a 16-year-old high school pupil, testified that Arterberry went into Raspante's liquor store on three separate occasions on January 17, 1957, going in without any package in his hand, but coming out with wine on each of three separate occasions; that he, Brown, did not drink any of the wine but that two other boys, Perry Lee Ray and Eddie Howard, who were in the automobile with him and Arterberry, drank the wine with Arterberry, and that the police came to Arterberry's home and got the boys and took them to the Juvenile Bureau. Agreement was made by counsel for the parties that the policeman who made the arrest would testify that Wesley Leon Arterberry was drunk at the time of his arrest in his home and that Mr. Gross of the Texas Liquor Control Board would testify that he took Arterberry to the Raspante Liquor Store and from the car had him point out the person who sold him the wine and that he pointed out Raspante and that Gross went into the store, identified himself to Raspante, who stated that he was Mike Raspante, the owner of the store, and that he, Raspante, was the sole owner and the only person who worked there. The birth certificate of Wesley Leon Arterberry was introduced in evidence, which shows his date of birth as being July 12, 1940. Also introduced in evidence without objection was the transcript of the hearing in question held before the Texas Liquor Control Board, which transcript contains various matters with reference to Raspante's permit, contains the affidavit of Arterberry setting out the same facts as testified to by him at the trial, contains the affidavit of Thomas Leon Brown, Jr., which is in conformity with his testimony at the trial, contains the affidavit of Mr. Gross which is to the same effect as the testimony agreed upon by counsel for the parties as above indicated, contains the affidavit of Arterberry's mother with respect to his age and identity, and also contains an affidavit by Mike Raspante.

Mike Raspante, in his affidavit filed with the Texas Liquor Control Board, stated in effect that at that time (February 8, 1957) he could not admit or deny that he sold the wine to Arterberry because he was not personally acquainted with him, was not confronted with him on the date of the alleged sales, did not know his true age, that if the said Arterberry was a person who did not appear to be 21 years of age that he inquired as to whether he was 21 years of age or over and that he must have received an affirmative answer from the said Arterberry or he would not have made such a sale to him, etc. In the trial in district court, Raspante was confronted with Arterberry and he denied ever seeing him before and denied ever having made any sale of wine to him; he also testified that if Arterberry had been in his store three times in one day he would have known him, stating: "I positively would have known if he had been three times in my store if I had sold him." We also quote further from Raspante's testimony as follows:

"Q. I will ask you if you ever saw this *boy*, Leon Arterberry before today? A. No, sir.

"Q. Did you see those two negro boys who were in here this morning? A. Yes, sir.

\*     \*     \*     \*     \*     \*

"Q. Now, what is your policy with reference to selling liquor to people under or over 21 years, do you ask them how old they are? A. Yes, sir, when it is my—if I think they are under 21, I usually ask him; of course, sometimes maybe they look to be 21 or 25 and again may not be, you know, but most of the time I ask for identification, especially—

"Q. But in this particular instance, you didn't sell any wine to this Wesley

Leon Arterberry, if that was one of the two boys that was in this courtroom this morning? A. No, sir.

\* \* \* \* \* \*

"Q. At the time you signed that affidavit, did you know whether or not this Leon Arterberry had been in your place? A. Never did even know any such name; he hasn't been there at all.

"Q. Has he ever been presented to you so that you could identify him? A. At no time, no sir.

"Q. *You tell the court that if he had come in there and told you—he would have had to prove to you that he was 21 before you would have sold him?* A. That is correct." (Emphasis added.)

Throughout the testimony Arterberry was referred to by Raspante and his counsel as a "boy." On cross-examination Arterberry testified that he was about five feet 9½ or five feet 10 inches tall, weighed 172 pounds, was a big boy, broad-shouldered and looked a whole lot older than he was. Raspante's counsel questioned Thomas Leon Brown, Jr., about the age and appearance of Arterberry, and the following testimony was elicited:

"Q. *He looks older than he is, doesn't he; isn't that right?*

"A. *I don't know.*

"Q. *Well, he looks older than 16, doesn't he?*

"A. *Yes, he looks a little older.*" (Emphasis added.)

Raspante contends vigorously that there was no substantial evidence to show that he *knowingly* sold the wine in question to Arterberry and cites a criminal case by the Court of Criminal Appeals in support of his position. It must be kept in mind that the present proceeding is not a criminal case wherein a criminal conviction is sought against Raspante, but as stated in Lowe v. Texas Liquor Control Board, Tex. Civ.App., 255 S.W.2d 252, 256:

"The action of the Texas Liquor Control Board or its administrator in cancelling a package store permit is not a criminal prosecution; it is not the exercise of a judicial power; it is merely the performance of an administrative function, and the hearings are not governed by the strict rules governing courts. Texas Liquor Control Board v. Warfield, supra, (Tex.Civ. App., 122 S.W.2d 669); McCormick v. Texas Liquor Control Board, Tex.Civ. App., 141 S.W.2d 1004; Reetz v. People of State of Michigan, 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563."

It must also be remembered that even in criminal cases that the defendant's knowledge at the time of the sale that the purchaser of liquor was a minor may be proved by circumstances. Sears v. State, 35 Tex.Cr.R. 442, 34 S.W. 124.

The testimony of Raspante that he did not make any sales of wine to Arterberry is directly disputed by Arterberry's testimony. Arterberry was also corroborated in part by the witness Brown. The circumstances which the policeman and the witness Gross would testify to (and admitted in evidence by agreement) were undisputed. It was also undisputed that Arterberry was born on July 12, 1940, was about 16½ years of age, and was a minor on January 17, 1957, the date of the sales. While Arterberry testified that he looked a whole lot older, this testimony was disputed by the testimony of the witness Brown who testified that Arterberry looked "a *little* older." Also the testimony of Raspante that, "I positively would have known him if he had been three times in my store if I sold him," and "Q. You tell the court that *if he had come in there and told you—he would have had to prove to you that he was 21 before you would have sold him? A. That is correct,*" and his references in the trial to Arterberry as a "boy" are significant matters and circumstances which could be considered as touch-

ing on Raspante's knowledge of Arterberry's minority. We think the testimony of Arterberry, detailing the three sales on one day by Raspante to him without Raspante's ever inquiring of him as to his minority is also a circumstance which could be considered in touching on Raspante's knowledge of Arterberry's minority.

In Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227, 230, it is stated: "Nor will the courts in such cases review conclusions of the administrative body based on conflicting evidence."

In Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121, 122, it is stated:

"The fact that upon the trial evidence was introduced to contradict the testimony adduced before the Liquor Control Board is not sufficient to set aside the order of that Board. Two inspectors, who visited appellee's premises on the day in question, testified positively and unequivocally as to the conditions they found, and they saw the appellee sell to the minor a bottle of beer in violation of the Liquor Control Act. That being true there was manifestly substantial evidence before the Liquor Control Board to sustain its order."

We have carefully reviewed the record and it is our opinion that there was substantial evidence introduced in the trial court which reasonably supported the order in question of the Texas Liquor Control Board. Nor do we believe that the administrator acted unreasonably, arbitrarily or capriciously in arriving at his conclusion. Lowe v. Texas Liquor Control Board, Tex.Civ.App., 255 S.W.2d 252, 253.

The judgment of the trial court setting aside the order in question of the Board is reversed and judgment is here rendered sustaining the order of the Texas Liquor Control Board, dated February 19, 1957, cancelling appellee's package store permit.

Reversed and rendered.