Phillip KOST, Appellant,

v.

**TEXAS REAL ESTATE COMMISSION et al., Appellees.**

No. 7422.

Court of Civil Appeals of Texas.

Texarkana.

June 26, 1962.

Rehearing Denied July 17, 1962.

Fred M. Lange, Wiley Caldwell, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

Will Wilson, Atty. Gen., Fred D. Ward, Asst. Atty. Gen., Austin, for appellees.

CHADICK, Chief Justice.

This is an action to review an order of the Texas Real Estate Commission. The judgment of the trial court denying relief is affirmed.

Appellant, Phillip Kost, was licensed by the Texas Real Estate Commission, under the provisions of the Real Estate License Act, Art. 6573a, Vernon's Tex.Civ.St., as a Real Estate Salesman for the calendar year 1960. On December 29 of that year he applied for a license renewal for the year 1961. The Commission refused to renew the license when the real estate broker employing him advised the Commission that he did not desire him licensed as his employee. Thereafter on February 6, 1961, re-application was made on the basis of Kost being a real estate salesman employed by a different real estate broker. The second application was rejected, with the advice that the 1960 license expired December 31 of that year, and that an orig-

inal application, rather than a renewal application, should be filed for the Commission's consideration. Application forms were furnished with the letter of rejection. The suggested application, dated March 20, 1961, was thereupon filed. On April 18, 1961, this last application was denied.

An administrative appeal from the Commission action was instituted. The appeal was heard May 16, 1961, and two days later the Commission's action in disapproving the application was upheld. Kost timely instituted a suit in a District Court of Harris County against the Texas Real Estate Commission, seeking to set aside its order and to compel the Commission to issue him a license as a real estate salesman.

The trial judge found from the proof adduced that the Commission's order was supported by substantial evidence, was not arbitrary, capricious, illegal or improper, and denied the plaintiff Kost relief. It is contended in this appeal that the Commission's order was required by statute [1] to be supported by facts determined from a preponderance of the evidence, and the trial court erred in failing to try the case accordingly. Appellant's two points of error are as follows:

"First Point of Error. The trial court erred in reviewing the appellee, Texas Real Estate Commission's ruling, order and decision in this case under the substantial evidence rule and thereby in effect holding unconstitu-

tional the de novo judicial review provision of Article 6573a, Vernon's Texas Civil Statutes, as applied to the administrative ruling, order and decision in this case.

"Second Point of Error. The trial court erred in holding in effect that only the so-called 'substantial evidence rule'—to the exclusion of any other rule of evidence—must be applied to the trial of this case."

 The function of administrative agencies differ, some perform judicial or quasi-judicial functions, others exercise powers legislative in nature. Key Western Life Ins. Co. v. State Board of Insurance, Tex., 350 S.W.2d 839, and In re Harmon, 52 Wash.2d 118, 323 P.2d 653. A single agency may as to one function exercise judicial powers, and as to other and different functions exercise executive or legislative powers. Prentis v. Atlantic Coast Line Company, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150. The factual basis of an order of an agency that has acted in a judicial or quasi-judicial capacity, when the subject of court review by trial de novo must be established by a preponderance of the evidence. Key Western Life Ins. Co. v. State Board of Insurance, supra. On the other hand, if the agency's order is made in the exercise of a legislative or quasi-legislative power, review in court is governed by the "substantial evidence rule", which means that the evidence adduced in the reviewing court will be examined to determine if it reasonably supports the order.

1. Sec. 21(a) of the Act reads as follows:
"Any Real Estate Broker, or Real Estate Salesman, or any person having a justiciable interest, who is aggrieved by any decision of the Commission may file within thirty (30) days thereafter in the District Court of the county in which he resides, or in the District Court in the county where his principal place of business is situated, a petition against the Commission officially as defendant, alleging therein in brief detail the action and decision complained of and for an order directing the Commission to license or

reinstate the applicant. Upon service of the summons upon the Commission, returnable within ten (10) days from its date, the Commission shall on or before the return day comply or file an answer. The case shall be tried in the District Court de novo, upon its merits, and it shall take a preponderance of the evidence offered before said District Court for the court to enter a judgment. The substantial evidence rule shall not be used, and the right of trial by jury shall be had in all cases when called for."

Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Cook Drilling Company v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035.

■ The nature of the function exercised by the Texas Real Estate Commission when it disapproved Mr. Kost's application decides the basis of the review of the Commission's order in the district Court. In settling the nature of the function, the final act and character of the process and operation, rather than the general authority exercised by an agency determines whether the administrative agency is exercising a judicial or legislative function. Key Western Life Ins. Co. v. State Board of Insurance, supra; Prentis v. Atlantic Coast Line Company, supra; 73 C.J.S. Public Administrative Bodies and Procedure § 8, p. 306.

■ There is no suggestion that the application filed by Mr. Kost does not fully conform to all statutory and Commission requirements, or that he is not eligible for license by reason of age or residence. The Legislature delegated to the Commission by Sec. 12(a) of the Act[2] the power to require Mr. Kost to satisfactorily show that he is of good business repute and will act in an honest, fair, just and equitable manner in conducting the business affairs of a real estate salesman, before granting him a salesman's license. The power delegated gave the Commission authority to exercise a broad discretion in the requirements it would make in this field. The only expressed statutory restrictions being that professional competency of the applicant would be judged solely on the basis of the prescribed written examination, and that license would not be denied because the salesman did not devote his full time to the

real estate business. The Legislature did not fix the criterion; instead it delegated this power to the Commission, together with (Sec. 2) authority to make rules and regulations not inconsistent with the Act. In the license granting process the Commission exercises a power the Legislature might have exercised but chose to delegate. In this process the Commission function is legislative in nature.

■ Having reached the conclusion last expressed, this court is of the opinion the trial court did not err. Sec. 21(a) of the Act quoted in the first footnote is void insofar as the enactment commands the reviewing court to do other in reviewing the factual basis of the order than determine whether or not the order has reasonable support in the evidence. A statutory requirement interposing a different duty conflicts with Sec. 1 of Art. II of the Texas Constitution, Vernon's Ann.St., dividing the functions of government into distinct legislative, executive and judicial departments and providing that " * * * no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others. * * *" Davis et al. v. City of Lubbock and Urban Renewal Agency of the City of Lubbock, 160 Tex. 38, 326 S.W.2d 699; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619; Fire Department of City of Fort Worth et al. v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664.

A discussion of the facts developed in the trial court is unnecessary as the appellant does not contend that the evidence adduced will not support the court's judgment under the applicable rule, though in the trial of the case he vigorously denied guilt

2. "If the Commission is satisfied that the applicant for a Real Estate Broker's or Real Estate Salesman's license is of good business repute and that the business will be conducted in an honest, fair, just and equitable manner, and upon complying with all other provisions of law and conditions of this Act, a license will thereupon be granted by the Commission to the successful applicant therefor as a Real Estate Broker or Real Estate Salesman, and the applicant, upon receiving possession of the license, is authorized to conduct the business of a Real Estate Broker or Real Estate Salesman in this State."

of wrongdoing and testified to facts contradicting the testimony that was offered to disqualify him.

Appellant's points of error must be overruled and the judgment of the trial court must be affirmed. It is so ordered.