**TEXAS VENDING COMMISSION and Ivan Williams, Appellants,**

**v.**

**HEADQUARTERS CORPORATION and Action Import Co., Appellees.**

**No. 12096.**

Court of Civil Appeals of Texas, Austin.

Jan. 23, 1974.

Rehearing Denied Feb. 27, 1974.

John L. Hill, Atty. Gen., Austin, Larry F. York, J. C. Davis, Robert L. Oliver, Jack Sparks, Asst. Attys. Gen., Austin, for appellants.

David R. Richards, Clinton & Richards, Austin, for appellees.

SHANNON, Justice.

The question for decision is whether Tex.Tax.-Gen.Ann. Art. 13.17, § 25, V.A.T.S., violates the "separation of powers" provision of the Texas Constitution, Tex. Const. Art. II, § 1, Vernon's Ann.St. As we are of the opinion that it does, we will affirm the judgment of the trial court.

Appellants are the Texas Vending Commission and its Executive Director, Ivan Williams. Appellees are Headquarters Corporation and Action Import Co. The statute involved is Tex.Tax.-Gen.Ann. Art. 13.17, commonly known as the Vending Machine Act.

Pursuant to the provisions of Art. 13.17, Headquarters Corporation and Action Import Co. applied to appellants for a General Business License and an Import License. On February 16, 1973, appellants denied a General Business License renewal to Headquarters Corporation and denied an initial Import License to Action Import Co.

Appellants' refusal to issue appellee Headquarters Corporation a 1973 license was based upon the following grounds stated in the order:

"(1) Intentionally engaging in the business of importing coin-operated machines for sale and delivery within this state without a valid import license issued by the Texas Vending Commission in violation of Section 8(1), Article 13.17, V. C.S., Taxation-General.

(2) The manner in which the business is conducted is of such a nature which, based on the general welfare, health, peace, and safety of the people, warrants a refusal of a license, Section 20(3), Article 13.-17, V.C.S., Taxation-General."[1]

The basis for appellants' order of refusal to issue Action Import Company a license was:

"(1) Intentionally engaging in the business of importing coin-operated machines for sale and delivery within this state without a valid import license issued by the Texas Vending Commission in violation of Section 8(1), Article 13.17, V. C.S., Taxation-General."

In accordance with Sections 24 and 25 of the statute, appellees appealed the appellants' order of denial by filing suit in the district court of Travis County. Among other things, appellees contended that Section 25 of the statute was in violation of Tex.Const. Art. II, § 1 as that Section provided a *de novo* review of the orders of the Commission and that, under the circumstances, the *de novo* review provision represented an indirect delegation of legislative authority to the judiciary. This was so, appellees claimed, because Section 20(3) conferred upon the Commission the function, legislative in nature, of refusing licenses. Upon trial to the court, the court concluded that Sec. 20(3) conferred upon the Commission the responsibility of making policy determinations, legislative in nature, and that under the circumstances, Sec. 25 violated the separation of powers doctrine. Tex.Const. Art. II, § 1.

---

1. Section 20(3) provides: "The [Texas Vending Commission] may refuse to issue or renew a license, and may suspend for any period or cancel a license if he finds that (3) the manner in which the applicant proposes to, or the licensee does, conduct his business is of such a nature which, based on the general welfare, health, peace, and safety of the people, warrants a refusal, suspension, or cancellation of the license . . . ."

Upon request, the court filed findings of fact and conclusions of law. The court found that there was no evidence introduced in support of the agency's first ground for refusal to issue the licenses, that being that the appellees had violated Section 8(1) of the statute. In the absence of any evidence being introduced in support of that ground, the court found it unnecessary to decide whether or not the agency was functioning in a legislative or judicial capacity in making that determination. Appellants do not complain of that finding.

Apropos the agency's second ground of refusal, the court found that, though that ground was supported by a preponderance of the evidence, the court concluded that it could not constitutionally make that finding inasmuch as Section 20(3) of the statute conferred upon the agency the responsibility of making policy determinations, legislative in nature, and since Section 25 required a *de novo* review of that determination, Section 25 violated the separation of powers provision of the Constitution.

Section 25 provides for a complete *de novo* review of the Commission's orders. That Section also includes a non-severability clause which provides that if Section 25, or any part thereof, is for any reason declared invalid, unconstitutional or inoperative, then that holding will apply to the act in its entirety, and the entire act, save for Section 2, will be void.[2]

■ Tex.Const. Art. II, § 1 provides that the powers of government shall be directed into three distinct departments: legislative, executive, and, judicial, and except in instances expressly permitted in therein, no person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others. Pursuant to this provision of the Constitution, legislative acts requiring the review by the judiciary of legislative or executive determinations of agencies by way of a trial *de novo* have been declared unconstitutional. A function which the legislature cannot delegate directly to the judiciary cannot be conferred indirectly by means of a *de novo* trial after an administrative hearing. Key Western Life Ins. Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839 (1961).

The problem thus posed by this appeal is the old and gray-headed one of determining whether the function conferred by the statute upon the agency is legislative or judicial in nature. If the function conferred by Section 20(3) is legislative in nature, Section 25 is unconstitutional, but if it is judicial in nature, Section 25 is constitutional.

■ In our opinion the standard which Section 20(3) requires the Commission to apply is legislative in nature. That Section provides that the Commission may refuse to issue or renew a license if it

2. Section 25 provides as follows:
"Sec. 25. In all appeals prosecuted in any of the courts of this state pursuant to the provisions of this Act, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision.

Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provision of this Act. The Legislature hereby specifically declares that the provisions of this Section shall not be severable from the balance of this Act, save for Section 2 of this Act, and further specifically declares that this Act, save for Section 2 of this Act, would not have been passed without the inclusion of this Section. If this Section, or any part thereof, is for any reason ever held by any court to be invalid unconstitutional or inoperative in any way, such holding shall apply to this entire Act, save for Section 2 of this Act, and in such event this entire Act, save for Section 2, shall be null, void and of no force and effect."

finds that the manner in which the applicant conducts his business ". . . is of such nature, which, based on the general welfare, health, peace, and safety of the people, warrants a refusal . . . of the license . . . " In granting or withholding a license under Section 20(3) the Commission exercises a power that the legislature itself might have exercised but instead chose to delegate. The Commission in exercising the power delegated to it by the legislature in Section 20(3) does more that find facts and apply law in the judicial sense; in addition, it is called upon to exercise *judgment* and *discretion*. Upon appeal of the Commission's order to the court, were the review *de novo,* the court would be placed in the position of deciding anew a matter, discretionary in nature, delegated by the legislature to the Commission, a result we think not permitted by Tex.Const. Art. II, § 1.[3]

Our conclusion is supported by Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699 (1959), Kost v. Texas Real Estate Commission, 359 S.W.2d 306 (Tex.Civ.App. 1962, writ ref'd), Chemical Bank & Trust Company v. Falkner, 369 S.W.2d 427 (Tex. 1963), and Texas Liquor Control Board v. Longwill, 392 S.W.2d 725 (Tex.Civ.App. 1965, writ dism'd).

In *Davis, supra,* the Texas Urban Renewal Law, Tex.Rev.Civ.Stat.Ann. art. 1269*l*–3, was involved. The issue in that case, pertinent here, involved the constitutional validity of the trial *de novo* provision of the statute. The governing bodies of the Urban Renewal Agency and the City of Lubbock had determined that a certain area was "blighted" and that it should be condemned because it constituted "a menace, in its present condition and use, to the public health, safety, morals or public welfare of the city," pursuant to Section 4(i) of the statute. The Supreme Court concluded that an attempt to confer a *de novo* review of that determination

was a violation of the separation of powers doctrine. The court said at page 714 of 326 S.W.2d:

> "It thus clearly appears that the question decided by the governing bodies of the Urban Renewal Agency and the City of Lubbock which appellants seek to have tried anew in court involves a determination of public policy. In so far as Section 17 purports to confer that power on the courts it is unconstitutional."

*Kost* and *Longwill, supra,* were license renewal cases. In *Kost* the judgment on review had affirmed an order of the Texas Real Estate Commission refusing to renew the license of a real estate salesman. The basis for the refusal to renew was Tex. Rev.Civ.Stat.Ann. Art. 6573a, § 12(a) which provided that, "If the Commission is satisfied that the applicant for a Real Estate Broker's or Real Estate Salesman's license is of good business repute and that the business will be conducted in an honest, fair, just and equitable manner . . . a license will thereupon be granted by the Commission to the successful applicant . . . " With respect to the nature of the power vested in the agency by Section 12(a) that Court stated 359 S.W.2d at page 309:

> "The power delegated gave the Commission authority to exercise a broad discretion in the requirements it would make in this field. . . . The Legislature did not fix the criterion; instead it delegated this power to the Commission, together with (Sec. 2) authority to make rules and regulations not inconsistent with the Act. In the license granting process the Commission exercises a power the Legislature might have exercised but chose to delegate. In this process the Commission function is legislative in nature."

Language similar to that under consideration in this appeal was considered in

---

3. It may be of some significance that the standard set out in Section 20(3) has traditionally been regarded as legislative in nature.

\* See Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686, 690 (Tex.1964).

**406**

*Longwill, supra.* In that case the Texas Liquor Control Act, Tex.Pen.Code Ann. Art. 666–12(6) was involved. That Section provided for cancellation of a private club registration permit if " . . . the place or manner in which the permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit." Another provision of the Act purported to confer a *de novo* review by the courts of agency orders canceling permits.

That court was of the opinion that by the above quoted language the legislature conferred a "far ranging discretionary power" upon the agency and that the agency's exercise of that power to establish standards of conduct required of the permittee was legislative in nature.

In Chemical Bank & Trust Company v. Falkner, 369 S.W.2d 427 (Tex.1963) the State Banking Board had approved a bank charter for the applicant. One of the prerequisites for approval of the charter by the Board was a showing that public necessity existed for the proposed bank. Tex. Rev.Civ.Stat.Ann. Art. 342–305A(1). The Supreme Court held that the function of determining "public necessity" by the Board was the exercise of a grant of legislative discretion.

Appellants rely on Scott v. Texas State Board of Medical Examiners, 384 S.W.2d 686 (Tex.1964). In our judgment the determination of the agency in that case differs significantly from that in this appeal. In *Scott,* the court was concerned with the provision of Tex.Civ.Stat.Ann. Art. 4506 providing a *de novo* review of the orders of the State Board of Medical Examiners. There the Board had *revoked* and *canceled* Scott's license to practice medicine. The Supreme Court observed that traditionally the revocation of a medical license has been committed to the district courts as a judicial function. The court also recognized, at least in the regulation of the practice of medicine, that a difference existed between an exercise of the power to examine and issue a license, and an exercise of the power to revoke a license.

In the case on appeal, the orders of the Commission *did not cancel* existing licenses, but instead refused the initial application for a license by Action Import Company and a renewal application for a licensee by Headquarters Corporation, which under Section 9 of the statute seems to be treated as an initial application. In such instances, it has been said that the *granting* or *withholding* of a permit to do business in a statutorily regulated commercial endeavor is an administrative function which cannot be delegated to the judiciary. Gerst v. Nixon, 411 S.W.2d 350, 354 (Tex.1966).

As the function conferred by Section 20(3) of Art. 13.17 is legislative in nature, Section 25, which requires a *de novo* review on appeal to the courts, violates Tex. Const. Art. II, § 1.

The judgment is affirmed.

Affirmed.