**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Marc DIEDRICH and M.K.D. Enterprises, Inc. d/b/a Thirteen Coins, Appellees.**

No. 08-83-00161-CV.

Court of Appeals of Texas, El Paso.

Oct. 24, 1984.

W. Reed Lockhoof, Asst. Atty. Gen., Austin, for appellant.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

The Texas Alcoholic Beverage Commission brought this appeal from a district court order reversing the Commission's cancellation of the mixed beverage and late hours permits issued to the Appellee, M.K.D. Enterprises, Inc. doing business as Thirteen Coins. Marc Diedrich, president and sole stockholder of M.K.D., operates topless bars in Houston and El Paso. The premises in question are in Houston. The Appellee filed applications for the permits in May, 1982, and gave notice by publication in the Houston Daily Court Review. No one protested the applications and they were granted in June, 1982. Several months after the granting, a protest was filed, hearing held by the TABC and the permits were cancelled. Appeal was taken to the District Court of El Paso County—this suit—and resulted in a reversal of the

Commission order and this appeal by the TABC from that judgment. We affirm.

■ The question presented is whether the permits may be cancelled because of the manner in which the permittee may conduct its business in the future or whether cancellation can occur only because of conduct which has occurred. Involved is Section 11.61(b)(7) Texas Alcoholic Beverage Code (Vernon 1978), which provides:

(b) The commission or administrator may suspend for not more than 60 days or cancel an original or renewal permit if it is found, after notice and hearing, that any of the following is true:

.    .    .    .    .

(7) the place or manner in which the permittee conducts his business warrants the cancellation or suspension of the permit based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency; ...

At the time of the hearing, there had been no business conducted under the permits. Appellee had been in the process of remodeling the building, but had not opened for business. All of the evidence that was presented was how he intends to conduct his business or may conduct his business based on evidence of how he had operated his other businesses. The Commission determined that the statute allowed cancellation based on a finding of how a permittee may conduct his business and revoked the permits. The district court determined that the Commission misinterpreted or misapplied Section 11.61(b)(7) and that aside from this misinterpretation and misapplication, substantial evidence does not and could not exist. With that we agree.

When application is made for a permit, quite naturally the question is how the applicant may conduct his business in the future. The code provides for this and specifically allows consideration of conduct that may occur. Section 11.46(a) (Vernon Supp.1984) for instance provides:

(8) the place or manner in which the applicant may conduct his business warrants the refusal of a permit based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency; ...

By contrast, the grounds for cancelling an existing permit generally relate only to conduct that has occurred at the premises after the permit is issued. In this case, Subsection (7) was relied on by the Commission. We are of the opinion that while prospective acts provide grounds for denying a permit, once the permit is issued cancellation under Section 11.61(b)(7) requires that the offensive acts actually have occurred. Prospective acts are not encompassed within the statutory language allowing cancellation when the public sense of decency is affronted by "the place or manner in which the permittee conducts his business." The Appellee is unable to cite any case where a cancellation was allowed prior to the occurrence of acts which offended the public morality or because acts which would offend the public morality might occur in the future. The case upon which the Appellee places much reliance, *Texas Liquor Control Board v. Longwill*, 392 S.W.2d 725 (Tex.Civ.App.—Texarkana 1965, writ dism'd), involved acts occurring while the club operated.

■ Disposition of this case also involves deciding whether the El Paso district court had venue. Appellees appealed the ruling of TABC by filing this suit in El Paso County. TABC filed a plea of privilege which was overruled by the court. Appeal of the cancellation of the permit may be taken to the district court of the county in which the permittee resides. Tex.Alco.Bev.Code Ann. sec. 11.67(a) (Vernon 1978). This section is not merely a permissive venue provision but rather fixes exclusive jurisdiction. *Carter v. Dean*, 660 S.W.2d 866 (Tex.App.—Austin 1983, no writ). With respect to a corporation that receives a permit, all officers and the owners of a majority of the corporate stock are permittees. Tex.Alco.Bev.Code Ann. sec. 11.61(a) (Vernon Supp.1984). Here the permit was issued to M.K.D. Enterprises, Inc. d/b/a Thirteen Coins. Marc Diedrich, the sole owner of the corporation, testified that he is its president and the sole stockholder

of the corporation. The statute requires a finding of residence not of domicile. Since Diedrich showed he was the permittee who resided in El Paso, venue in El Paso was proper.

All points of error have been considered and all are overruled.

The judgment of the trial court is affirmed.